COLLORAFF v. HICKSON, Inc.

(Supreme Court, Appellate Term, First Department.　May 26, 1916.)

MASTER AND SERVANT ⬦31—EMPLOYMENT—MODIFICATION OF TERMS—EFFECT.

 Where plaintiff was employed as a ladies' tailor at a salary of $30 a week, under a contract for a season commencing in February and running to June 30th, and defendant in February changed its system of hiring, and required its employés to continue under a piece work arrangement, plaintiff, even though his earning capacity was not thereby diminished,

was not required to accept the modification, and his refusal to continue under it did not defeat his right of action for a breach of the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 37; Dec. Dig. ⊙⟶31.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Biagio Colloraff against Hickson, Incorporated. From a judgment rendered in favor of the defendant, dismissing the complaint in a trial before the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Miele & Castellano, of New York City (Francis A. Castellano, Jr., of New York City, of counsel), for appellant.

Julius D. Tobias, of New York City, for respondent.

COHALAN, J. Plaintiff sued to recover damages for a breach of a written contract of employment. The contract in evidence shows that the plaintiff was to continue during the spring season of 1916, commencing in February, in the defendant's employ as a ladies' tailor, at a salary of $30 a week. The contract was to run to June 30, 1916. In February, 1916, the defendant changed its system of hiring, and required its employés to continue under a "piece work" arrangement. This was violative of the terms of the agreement—the subject-matter of this suit—and on February 12, 1916, the plaintiff refused to continue under the changed conditions.

The defendant contends that, since the amount of the work had not been lessened and the earning capacity of the plaintiff had not been restricted, there was no breach of the contract. The court apparently adopted this view, and dismissed the complaint at the end of plaintiff's case. Even though a wider opportunity of more remunerative employment were opened to the plaintiff, yet he was justified in standing upon his written contract, and the defendant was bound to respect its terms. Whitmarsh v. Littlefield, 46 Hun, 418; Hecht v. Brandus, 2 Misc. Rep. 471, 21 N. Y. Supp. 1034. The plaintiff having been prevented from performing his contract, he was not required to accept the modification of the same, and, having refused to continue under the new arrangement, he has not defeated his right of action.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.